THOMAS M. CHAMBERLAIN, by his next friend,
Appellant,

*vs.*

THE MILWAUKEE & MISSISSIPPI RAILROAD CO.,
Respondent.

### APPEAL FROM MILWAUKEE CIRCUIT COURT.

Under the old system, the granting or refusing a new trial was mainly addressed to the sound discretion of the court, and this court would not interfere except in cases of a gross abuse of discretion. But it would seem it is the intention of the code to change this rule.

Under the code, an appeal lies from an order granting a new trial.

In general, where a party sues for an injury to him occurring through the alleged carelessness or negligence of the defendant, he must show that he was not guilty of negligence on his part.

The court charged the jury "that under an agreement between H. & Co. and the R. R. Co., by which the plaintiff was to be carried as express messenger on the freight train, the facts that the plaintiff was on such train, and was injured by being thrown off and run over, would of themselves constitute a *prima facie* case, on which the plaintiff would have the right to recover." Held to be erroneous, for the reason that plaintiff should show that he used ordinary diligence on his part.

A servant in the employ of a railroad company cannot maintain an action against the company for injuries received through the negligence of other servants and employees of the company.

This was an action commenced in the circuit court of Milwaukee county, to recover for personal injuries alleged by the plaintiff to have been received while in the cars of the defendant, by and through the carelessness and negligence of the servants and employees of the said defendants.

The complaint alleged that the plaintiff being agent and servant for certain persons, doing business under the firm of James Holton & Co., entered into one of the cars of the de-

fendant at Madison, for the purpose of being carried to Milwaukee as a passenger for hire as by virtue of a contract between Holton & Co. and the said defendant, he had a right to do, and that the plaintiff continued on said train, as such agent and servant of said James Holton & Co., and as such passenger, from the time he so entered said car, until the happening of the grievances and injuries hereinafter mentioned. That in consequence of sickness or other causes, no person was on the train of cars, of which said car, into which the plaintiff entered as aforesaid, was one, whose duty it was to act as brakeman, and said plaintiff at the request of one Sherburn S. Merrill, previously made (who, at the time of said request, and on said 19th day of May, was the agent and servant of said defendant, duly authorized by them to act in their behalf,) did, from the time he so entered said car as aforesaid, until the happening of the grievances and injury hereinafter described, perform the duties of brakeman on said train; and that said train could not have been safely run without the performance of said duties by said plaintiff, or some one else And said plaintiff further shows that said train of cars afterwards, on their route and passage from said Madison to said city of Milwaukee, on the day aforesaid, was stopped at the town of Eagle, in the county of Waukesha, and the conductor of said train descended from and quitted the same; and that while said conductor was so off from said train, and while said plaintiff was engaged in performing said duties of brakeman as aforesaid, the engineer on said train, who was then and there a servant of said defendants and engaged in their business upon and about said train, did then and there carelessly, negligently, improperly and without the usual and proper signals to put passengers and servants of said defendant on their guard, and without any warning to the plaintiff, suddenly start said train of cars and cause the same to move, by reason of which said sudden motion of said train of cars, and of said care-

less, improper and negligent conduct of the said engineer, the plaintiff, so being employed as aforesaid, and being then on a part of one of the cars, where he lawfully and properly might be, and without any default or negligence on his part, was forcibly and violently thrown from said car (on which he so was as aforesaid) upon the track of said defendants, and between two of the said cars so composing said train as aforesaid, and a wheel of one of said cars (said train so moved and started as aforesaid) passed over the right arm of said plaintiff, thereby crushing the bone in a part of said arm and otherwise greatly injuring and bruising the plaintiff, by reason whereof it became and was necessary to amputate said arm, and the same was afterwards, to wit: on the same day amputated at a point above the elbow, and the plaintiff was sick for a long time, and suffered great bodily pain and anguish, and has been entirely deprived of all use of said arm, and thereby is prevented during his life hereafter from supporting and maintaining himself by his labor as he otherwise could have done; by reason of which said grievances and of the wrong and injury done to the plaintiff as aforesaid, said plaintiff has been damnified, and claims damages to a large amount, to wit: in the sum of twenty thousand dollars.

The answer of the defendant denies that the plaintiff entered upon the car as a passenger for him, by virtue of any contract with Holton & Co. or otherwise, or was in anywise a passenger on said cars; but on the contrary thereof, alleges the truth to be " that having a freight train at Milwaukee ready to go to Madison, the said defendants found that there was one brakeman needed to safely run the said freight train from Milwaukee to Madison, and back from Madison to Milwaukee, and that Sherburn S. Merrill, the deputy superintendent of said defendants, and having authority so to do, engaged the said plaintiff to act as brakeman on the said train from Milwaukee to Madison, and back again from Madison to Milwau-

ee, at and for the price of three dollars, and said plaintiff agreed to act as such brakeman for the said sum of three dollars, and which said sum was paid by these defendants to said plaintiff."

" And said defendants further allege that at the time of the injuries complained of, the said plaintiff was in the employ of said defendants as their servant, and that the alleged injuries occurred while he was in the discharge of his duties as brakeman aforesaid, under and by virtue of said agreement."

" And said defendants further answer and deny, that the engineer of said defendants on said train, did carelessly, negligently, improperly, and without the usual proper signals to put the plaintiff on his guard, start said train of cars; on the contrary thereof, the said defendants allege that the usual and proper signals were given, and that the injury the said plaintiff received was from his own carelessness and negligence in running from one car to the other, while the said cars were in motion."

The testimony was quite voluminous, but the facts as they appeared on the trial may be briefly stated.

It appeared that the plaintiff, a minor, was, and had been for sometime, in the employment of Holton & Co., express carriers, as messenger or agent, and as such traveled on the cars of the defendant in charge of express matter. That on the occasion when the accident happened, one of the brakemen employed by the defendant being sick, the plaintiff was employed by Merrill, assistant superintendent of the railroad, to brake the cars from Milwaukee to Madison and back; and it would seem that he acted as express messenger at the same time. On the trip from Madison to Milwaukee, at Eagle station, as the train (a freight train) was about to start, the plaintiff was on the top of one of the cars in the train, at the brake, and by the sudden starting of the train, the plaintiff fell from the top of the car and was run over by the car

Chamberlain vs. Milwaukee and Mississippi Railroad Co.

inflicting an injury so serious that it became necessary to amputate one of his arms. To recover damages for this injury the plaintiff brought this suit. The questions of law arise chiefly upon exceptions taken to the instructions of the court to the jury. They returned a verdict for the plaintiff for $7,500. The court granted a motion for a new trial on behalf of the defendant, from which order the plaintiff appealed.

The counsel made several points on the argument which were argued at length, the principal of which are stated in the opinion of the court, but they are too long to be reported, and difficult to be condensed.

*Brown & Ogden,* for the appellant.

*Finches, Lynde & Miller,* for the respondent.

*By the Court,* COLE J. This is an appeal from an order of the circuit court of Milwaukee county, granting a new trial after a verdict had been rendered upon the evidence, and under the instructions of the court for the appellant.

It is very well known that under the old practice, applications for a new trial were mainly addressed to the sound discretion of the court in which they were made, and hence this court has frequently decided that it would not reverse a judgment for an alleged error in denying a new trial unless in a case where it appeared there had been a gross abuse of discretion on the part of the court below. But as a writ of error did not lie to an order of the inferior court granting a new trial, there was no way in which the ruling of such court in that behalf could be reviewed, although it is manifest that very great injustice might sometimes be done to a successful party by the court ordering a new trial. The code in subdivision 3 of § 239, has introduced a new practice in this respect,

by permitting an appeal from an order granting a new trial. But what should be the practice of this court; how far we can go in considering and deciding these appeals, remains in a great measure unsettled, and can only be determined upon further discussion and reflection as cases shall come before us. It is very easy to see that cases will probably arise, which will involve some very interesting and novel questions; as for instance, how far under the practice of the code the appellate court might be authorized in interfering with an order of the court below which should grant a new trial on the ground that the verdict of the jury was not supported by the evidence where perhaps from the testimony we might conclude that the verdict was right. In limiting the extent to which this court would be warranted in going in these cases, it was insisted by the counsel for the respondents, that although the code had permitted an appeal from an order of the circuit court granting a new trial, yet that really the practice in this respect was not essentially changed, and that this court ought not to review such an order except in a case where it appeared there had been a gross abuse of discretion on the part of that court. But the wisdom of the provision of the code which allows an appeal from an order refusing or granting a new trial, is not very striking, if this construction is given to it, and it is held that we could not interfere with the order of the circuit court except in a case where we were satisfied there was a manifest abuse in the exercise of its discretion in the premises. But a discussion of these and like propositions, though interesting, is not necessarily involved in the disposition of the present case. For we have come to the conclusion that the following instruction, which was asked for by the counsel for the appellants, and given by the court in its charge to the jury under exception was erroneous and calculated to mislead the jury; and therefore the motion for a new trial was properly granted. The instruction to which we allude is the following : " That

under the agreement, if shown, between Holton & Co., and the railroad company, by which the plaintiff was to be carried as an express messenger on the freight train, the fact that the plaintiff was on such train, and was injured by being thrown off and run over, would of themselves constitute a *prima facie* case on which the plaintiff would have the right to recover."

We deem this instruction incorrect, because it assumes that the case was made out, if it appeared that the appellant was thrown off the cars and run over while on the train as express messenger, without his showing that the injury was not attributable to his own misconduct. The accident might have happened by his own want of ordinary care and prudence while upon the top of the cars at the brake, and under such circumstances as would exonerate the company from all blame in the premises. The proof showed that he was in a hazardous position at the request of the deputy superintendent, Merrill, and if while in this position exercising ordinary care and diligence he was injured by the carelessness and negligence of the servants of the company, he is entitled to damages. But he should show that his own negligence did not in any way contribute to produce the injury. *Parker vs. Adams,* 12 Met., 415 ; *Adams vs. Inhabitants of Bridgewater,* 7 id., 188 ; *Lane vs. Crombie,* 12 id., 177 ; *Hatfield vs. Rosser et al,* 21 Wend., 615 ; *Spencer vs. Utica and Schenectady R. R. Co.,* 5 Barb. S. C. R., 337 ; *Butterfield vs. Forrester,* 11 East., 61.

It was further contended by the counsel for the respondent, that the evidence clearly showed that the accident happened while the appellant was acting as a servant of the company and therefore he could not maintain an action against his principal for any injury which he might have sustained through the carelessness or negligence of another servant in the employ of the same principal. The circuit court so charged the jury and instructed them to find for the respondents if they were satisfied that the appellant, at the time of

the injury, was in the employ of the company as brakeman, and received the injury while thus employed, even through the carelessness and negligence of other servants of the company.

With the exception of the instruction already alluded to we are of the opinion that the respondents have no reason to complain of the charge of the court. But as the first instruction was erroneous and might have misled the jury, the verdict was properly set aside and a new trial ordered.

The order of the circuit court granting a new trial must therefore be affirmed.