HOYT vs. THE CITY OF HUDSON.

*Burden of proof as to contributory negligence.*

1. In an action for injuries from negligence, where there is nothing in plaintiff's evidence tending to show contributory negligence, the *presumption* is against it, and the burden of proof upon the defendant.
2. If contributory negligence conclusively appears from plaintiff's own evidence, he will be nonsuited; while if the evidence merely *tends* to show such negligence, the question will be for the jury.

APPEAL from the Circuit Court for *St. Croix* County.

Action to recover damages for personal injuries sustained by the defendant by reason of ice and snow, which, it is alleged, the defendant negligently suffered to collect and remain on a sidewalk in one of its public streets. The answer denies that such injuries were caused by negligence on defendant's part, and alleges that plaintiff was guilty of negligence, which was the sole cause of the injury.

On the trial, plaintiff proved that he slipped upon the sidewalk and broke his leg, and gave evidence tending to show that the city negligently suffered ice and snow to accumulate on the walk, which caused the injury.

At defendant's request, the following instructions (among others) were given to the jury:

" In an action of this nature, for personal injuries caused by a defect in the highway, the person injured cannot recover if all the evidence in the case is equally consistent with either care or negligence on his part.

· " It is well settled that, in order to recover for an injury on the ground of negligence, it must appear that the plaintiff was in the exercise of due care in respect to the occurrence from which the injury arose; or that the injury was in no part due to his own fault or want of care. The burden rests upon the plaintiff to make this appear.

" This burden is held to be on the plaintiff for the reason

that it is a subordinate proposition necessarily involved in the more general one upon which the action is founded, to wit: that the injury to the plaintiff was caused by the negligence or wrongful act of the defendant. If this be shown by evidence *which excludes fault on the part of the plaintiff*, the proposition of due care is established.

"All the circumstances under which the injury was received being proved, *if they show nothing in the conduct of the plaintiff*, either of acts or neglect, to which the injury may be attributed in whole or in part, the inference of due care may be drawn from the absence of all appearance of fault."

The court refused to give an instruction prayed on behalf of the plaintiff, as follows: "Unless there is something in the evidence from which the jury find that the plaintiff was guilty of negligence, they cannot so find. The law does not raise a presumption of negligence; and if the plaintiff was guilty of any negligence, the burden of proving such negligence is upon the defendant."

The jury found for the defendant; a motion for a new trial was denied, and judgment rendered pursuant to the verdict. The plaintiff appealed from the judgment.

For the appellant, a brief was filed signed by *Baker & Spooner* as attorneys, and by *S. U. Pinney*, of counsel, and the cause was argued orally by *Mr. Pinney*. To the point that the burden of proof as to contributory negligence was on the defendant, they cited *Railroad Co. v. Gladmon*, 15 Wall., 401; *Oldfield v. R. R. Co.*, 3 E. D. Smith, 103, affirmed in 14 N. Y., 310; *Johnson v. R. R. Co.*, 20 N. Y., 65; *Thompson v. R. R. Co.*, 51 Mo., 190; *C. & P. R. R. Co. v. Rowan*, 66 Pa. St., 393; *Hays v. Gallagher*, 72 id., 136; *Scott v. Dock Co.*, 34 L. J. R. (N. S.), 17; *S. C.* in Exch. Ch., id., 220; *Hackford v. R. R. Co.*, 43 How. Pr., 222; *S. C.*, 6 Lans., 381; *Robinson v. R. R. Co.*, 65 Barb., 146; Wharton on Neg., § 423; Shearm. & Redf. on Neg., §§ 43, 44; Addison on Torts, 18, 22, 383, 384.

Hoyt vs. The City of Hudson.

For the respondent, a brief was filed signed by *John E. Glover* as attorney, and by *L. S. Dixon*, of counsel, and the cause was argued orally by *Mr. Dixon*. In support of the instructions as to the burden of proof in respect to contributory negligence, they cited *Chamberlain v. R. R. Co.*, 7 Wis., 425, 431; *Dressler v. Davis*, id., 527; *M. & C. R. R. Co. v. Hunter*, 11 Wis., 160; *Achtenhagen v. Watertown*, 18 id., 331; *Langhoff v. Railway Co.*, 19 id., 491; *S. C.*, 23 id., 43; *Potter v. Railway Co.*, 21 id., 372; *Cunningham v. Lyness*, 22 id., 245; *Cornelius v. Appleton*, id., 635; *Mayo v. R. R.*, 104 Mass., 140; *Johnson v. R. R. Co.*, 20 N. Y., 73; *Marble v. Worcester*, 4 Gray, 401; *Murdock v. Warwick*, id., 178; *Smith v. Smith*, 2 Pick., 621; *Lane v. Crombie*, 12 id., 177; *Adams v. Carlisle*, 21 id., 147; *Murphy v. Deane*, 101 Mass., 455, 463; *Allyn v. R. R. Co.*, 105 id., 77; *Wheelock v. R. R. Co.*, id., 203; *Hickey v. R. R. Co.*, 14 Allen, 429, 431; *Todd v. R. R. Co.*, 7 id., 207.

Lyon, J. In the record before us we find no affirmative evidence from which the jury could properly find that the plaintiff was guilty of any negligence which contributed proximately to cause the injury of which he complains. The jury were instructed, however, that the burden was upon the plaintiff to prove that he was in the exercise of due care, when injured. Inasmuch as the plaintiff failed to make any such proof, if the instruction is correct, the jury should have been directed to return a verdict for the defendant. But the learned circuit judge further instructed the jury that if the circumstances under which the injury was received, as proved, show nothing in the acts or omissions of the plaintiff to which the injury might be attributed, in whole or in part, " the inference of due care may be drawn from the absence of all appearance of fault." That is to say, the jury were first told that the burden was upon the plaintiff to prove that he was in the exercise of due care when injured; and then, that they were at

liberty to infer from his entire failure to introduce any evidence on the subject, that he did exercise due care. This involves the absurdity of proving a fact by failing to prove it. Such an *onus probandi* is incomprehensible to us. See *Mil. & Ch. R. R. Co. v. Hunter*, 11 Wis., 160.

It should be stated, however, that the instructions are fully sustained by the late case of *Ryerson v. Abington*, 102 Mass., 526, and by other decisions of that court. But we cannot adopt a decision which involves so manifest an absurdity, though made (as that was) by one of the ablest courts in the country. The common sense view of the subject is, that if the burden of proving his own due care to avoid the injury is upon the plaintiff, he must prove such care, either by direct evidence, or by showing *res gestæ* which exclude fault on his part, or he must fail in the action. But if the burden is upon the defendant to prove that the plaintiff was guilty of contributory negligence, and there is nothing in the evidence tending to show such negligence, the court should hold, as a proposition of law, that the plaintiff was free from fault, and it is error to submit the question to the jury.

Sufficient has been said to show that the important question in this case is, Was the *onus* upon the plaintiff to prove that, when injured, he was in the exercise of proper care to avoid the injury, or was it upon the defendant to prove that the plaintiff was guilty of some negligence which contributed proximately to the injury of which he complains? If the *onus* was upon the plaintiff, he failed to meet its requirements, and the verdict and judgment were properly for the defendant; but if upon the defendant, the defense of contributory negligence was not established, and the action could not properly be defeated on that ground. But the action may have been defeated on that ground alone. It cannot be determined from the record that it was not. Hence, if the court erred in the instructions — if the *onus probandi* was upon

the defendant, the error is material, and the judgment must be reversed.

In *Chamberlain v. R. R. Co.*, 7 Wis., 425, and *Dressler v. Davis*, id., 527, this court held that in an action for injuries caused by negligence the burden is upon the plaintiff to show himself free from contributory fault. This rule was vigorously assailed, as unsound in principle, by the late Mr. Justice PAINE, in *R. R. Co. v. Hunter*, 11 Wis., 160; but it does not seem to have been overturned. Yet in *Achtenhagen v. Watertown*, 18 id., 331, DIXON, C. J., seems to concede that the rule no longer prevails in this state. Since *R. R. Co. v. Hunter*, we are not aware that the subject has been discussed or considered here. The question is not one to which the rule *stare decisis* is applicable; and in view of the difference of opinion which members of this court have entertained in regard to it at different times, we feel at liberty to consider and determine the question on the merits, untrammeled by the earlier decisions, or by the later opinions of the court or any justice thereof, in opposition thereto.

It has been held in Massachusetts and several other states, that in actions of this kind the plaintiff must prove that he was free from contributory fault, or fail in his action. These decisions go upon the ground that there can be no recovery unless two conditions concur, to wit, negligence of the defendant and freedom of the plaintiff from contributory fault; and that it is incumbent on the plaintiff to show the existence of both conditions.

The same proposition may be stated in another form. The defendant is only liable to respond in damages for an injury caused by his negligence. But if the negligence of the plaintiff concurred with that of the defendant to produce the injury, it cannot correctly be said that the same was caused by the negligence of the defendant. The meaning of the rule is, that to render the defendant liable, the injury must be the re-

sult of his negligence alone. Hence, to establish a cause of action, the plaintiff must show that the negligence of the defendant was the sole proximate cause of the injury; and to do this he must necessarily prove himself free from contributory fault.

Many of the cases which hold the above doctrine will be found cited in the notes to §§ 33 and 34 of Shearman & Redfield on Negligence, and in the brief of counsel for the defendant.

On the other hand, the contrary doctrine is maintained in many cases, some of which are cited in the brief of counsel for the plaintiff and in the above notes in Shearman & Redfield. These cases hold that if the negligence of the plaintiff concurred in producing the injury complained of, that is purely matter of defense, and hence the burden of proving it is upon the defendant. This is the view taken by Judge Duer in *Johnson v. The Hudson River R. R. Co.*, 5 Duer, 21; and that able judge rested his opinion mainly on two grounds: 1. He held that in the absence of proof there is no presumption that the person injured was guilty of negligence which contributed to the injury, any more than there is a like presumption that he whose act or omission caused the injury was guilty of negligence. And inasmuch as the plaintiff must prove affirmatively that the act or omission of the defendant which resulted in the injury, was negligent, before he can recover, so in like manner the defendant must prove affirmatively that the act or omission of the plaintiff contributed proximately to the injury, in order to defeat the action on that ground. 2. He further held that no averment is required in the complaint in such an action that the plaintiff, when injured, was in the exercise of proper care and caution to avoid the injury; and, from the elementary rule that every fact is necessary to be averred in the complaint which the plaintiff is bound to prove in order to maintain his action, he draws the conclusion that the plaintiff in such an action is not bound to

prove in the first instance his own freedom from contributory fault; in other words, that the *onus probandi* is not upon him to disprove his own negligence, but is upon the defendant to prove such negligence.

In the elementary treatise above referred to (Shearman & Redfield on Negligence), the authors agree with Judge DUER, and, discussing the rule of the cases which hold the *onus* to be upon the plaintiff to prove his freedom from contributory fault, they say: "If this broad rule is adopted, even if we distinguish such defenses as payment, release, satisfaction, etc., as relating to facts subsequent to the act complained of, we cannot see upon what ground the plaintiff is to be excused from proving that he is not an alien enemy, if war exists, or that he was not in a state prison, or that the defendant was not acting under the authority of any statute in what he did, or, in cases where the defendant would not be responsible if he was a mere agent, that he was not acting as an agent. And at any rate, what possible ground of distinction can there be between the rule forbidding a plaintiff to recover when his negligence has contributed to the injury, and that which prevents a recovery for a fraud or trespass when the parties are *in pari delicto?* Yet we are not aware of any case in which it has been held that the plaintiff in such actions must assume the burden of showing himself free from fault."

It seems to us that the reasons in favor of the rule which casts the burden of proof in such cases upon the defendant, are the stronger and better reasons; and that such rule rests upon sound legal principles, and ought to prevail in this state. We therefore hold that, in the absence of any evidence tending to show that the plaintiff was chargeable with negligence contributing to the injury of which he complains, the presumption of law is that he was free from such negligence, and the burden was upon the defendant to prove such contributory fault, if the same was relied upon as a defense.

The rule here adopted does not apply to a case in which the

proofs on behalf of the plaintiff show, or tend to show, his contributory negligence. If such negligence conclusively appears, the court will nonsuit the plaintiff, or direct the jury to find for the defendant; if the evidence only tends to show such contributory negligence, the question must go to the jury, to be determined, like any other question of fact, upon a preponderance of the evidence.

Inasmuch as the instructions were predicated upon an erroneous rule of law, the judgment of the circuit court must be reversed. We do not deem it necessary to determine the other questions argued at the bar.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.