## JOSEPH DRESSLER, Appellee,

*vs.*

## JOHN DAVIS, FREDERICK D. CLARK, and JAMES STONE, Appellants.

**APPEAL FROM THE MILWAUKEE COUNTY COURT.**

The supreme court will not decide upon a point made in a case, when the decision of the question will answer no useful purpose.

In an action for damages for careless and negligent driving, it is necessary for the plaintiff, in order to make out a *prima facie* case, in the first instance to prove not only that the injury in question arose from the carelessness or negligence of the defendant, or his servant; but also that his own carelessness or negligence did not contribute to it.

Where the circuit judge instructed the jury that it was unnecessary to make such proof in the first instance, the judgment will be reversed.

This action was commenced before a justice of the peace, to recover damages done by the defendant Stone, who was the servant of the other defendants, in carelessly driving a baggage wagon against the wagon of Dressler in which he and his wife were sitting, so that the wagon and harness were broken, and his wife thrown out of the wagon and seriously injured, &c. The appellants did not appear, and the appellee obtained judgment, and they appealed to the county court. In the county court the complaint was amended, and the appellants answered it.

Upon the trial witnesses were examined on both sides, but as the case turns upon an exception to the charge of the judge, the evidence is unimportant, except that the appellants took the following exceptions :

The defendants' counsel here offered to call the defendant Stone, as a witness for the defendants Davis and Clark, and

stated that he wished to prove by such witness that the accident was through the negligence of the plaintiff, and that the plaintiff, just as the baggage wagon was coming between the two piles of stone, reined his horse out, and drove into the wagon of the defendants. To which offer the plaintiff objected, and the court sustained the objection, and to which ruling of the court the defendants did then and there except.

And the evidence being closed, the court charged the jury, among other things, that if they found the plaintiff was injured by the carelessness or negligence of the defendants, it was not necessary for the plaintiff in the first instance to negative carelessness or negligence on his own part; that the burden of proof was with the plaintiff, but that proof of injury by or through the carelessness of the defendants, would make out a *prima facie* case; to which ruling of the court the defendants did then and there except.

The jury afterwards came in with a verdict for the defendants, and judgment was rendered for the sum of one hundred and fifty dollars and seventy-one cents.

From that judgment this appeal is taken.

*Finches, Lynde & Miller* for the appellants.

The court charged the jury that " if they found the plaintiff was injured by the carelessness or negligence of the defendants, it was not necessary for the plaintiff in the first instance to negative carelessness or negligence on his own part, that the burden of proof was with the plaintiff, but that proof of injury by or through the carelessness of the defendants, would make out a *prima facie* case."

It is submitted that this charge does not contain a correct principle of law, and was calculated to mislead the jury. The jury should have been told that the burden of proof was with the respondent, and that two things were necessary to be proven by the respondent before he was entitled to a verdict.

1. That the respondent was in the exercise of ordinary care and prudence.

2. That the respondent, while thus in the exercise of ordi-. nary care and prudence, was injured by or through the. care- lessness or negligence of the appellants.

The charge of the court entirely ignores the idea of "ordi- nary care and prudence" on the part of the respondent,. and is as much as saying to the jury, no matter what may have been the conduct of the respondent—no matter whether he was careless or negligent, if he received the. injury by or through the carelessness or negligence of the. appellants, he can recover. It in fact shifts the burden of proof. *Smith vs. Smith,* 2 Pick., 621; *Lane vs. Crombie,* 12 Pick., 177; *But- terfield vs. Forester,* 11 East., 61; *Parker vs. Adams,* 12 Met., 416; *Spencer vs. Utica & Schen. R. R. Co.,* 5th Barbour, 337; *Adams vs. Inhabitants of Carlisle,* 21 Pick., 14.


*Smith & Salomon* for the appellee.

The appellants excepted to the ruling of the court below, excluding the defendant Stone from being a witness for his co-defendants, Davis & Clark, to prove that the accident in question was through the negligence of the plaintiff and not of himself. The offer to examine Stone was made under § 299 of the code of procedure, and before the recent law of the legislature allowing parties to be witnesses on their own behalf.

The ruling of the court below on this point was undoubt- edly correct. The only point in dispute in the case was, whether the accident happened through the neglect of the defendant Stone, as the servant of the other two defendants, or through the neglect of the plaintiff himself. The answer is a joint answer of all defendants, raising only this point. The defendant Stone was jointly interested with the other defendants in the matter as to which he was to testify; he

Dressler vs. Davis et al.

was jointly liable with his co-defendants, if at all, and could, under the pleadings, not be made separately liable, and no separate judgment could be rendered against him.

It is insisted by the Appellants, that is was necessary for the plaintiff, in order to make out a *prima facie* case, in the first instance to prove that the injury complained of did not occur through his own carelessness or negligence. But we consider that was a matter of defence only, to be shown by the defendants. There is no such negative allegation in the complaint, and none was required, and all that the plaintiff was bound to sustain by proof was, that the injury in question arose from the carelessness or negligence of the defendants or their servant.

Negligence is not to be presumed, but must be proved. 3 Phillips on Ev., 1 Cowen & Hill's notes, 3 ed., 461, 463.

The case of *Lane vs. Crombie*, 12 Pick. 176, does not sustain the position claimed by the appellants ; or if it does, it is not itself sustained by the cases cited in it. In the case at bar the whole evidence shows, that the plaintiff was acting without carelessness or negligence on his part.

The true rule in such cases undoubtedly must be, that the jury must be satisfied that the injury complained of arose from the carelessness and negligence of the defendant and not, wholly or partly, from that of the plaintiff. And to that extent only the cases cited on the part of the appellants ought to be held to be law. If that is the true rule, the judge below did not misdirect the jury, for that is substantially what he charged them.

*By the Court,* WHITON, C. J. We do not feel called upon to decide whether the judge decided correctly or not in refusing to permit Stone, one of the defendants, to testify in behalf of his co-defendants. It appears that he was offered as

Dressler vs. Davis et al.

a witness under the provisions contained in section 299 of the code.

As a more comprehensive provision has since been adopted by the legislature upon this subject, and as we are compelled to reverse the judgment on another ground, it would answer no useful purpose to decide this question. It appears by the bill of exceptions that the judge charged the jury, among other things, that if they found the plaintiff was injured by the carelessness or negligence of the defendant it was not necessary for the plaintiff in the first instance to negative carelessness or negligence on his own part; that the burden of proof was on the plaintiff, but that proof of injury by or through the carelessness of the defendants would make out a *prima facie* case. To this ruling the defendants excepted. We think this instruction of the judge was erroneous. The jury were in effect instructed that it need not be proved, to entitle the plaintiff to recover, that his own carelessness did not contribute to produce the injury which he sustained. This we suppose to be contrary to the authorities. See the case of *Lane vs. Crombie*, 12 Pick., 176, and the cases there referred to. This case seems to have been well considered by the court, and upon looking at the cases referred to in the opinion, as well as others which we have consulted, we are satisfied that the conclusion of the court was correct. We therefore think it was necessary for the respondent, in order to make out a *prima facie* case, in the first instance to prove, not only that the injury in question arose from the carelessness or negligence of the appellants, or their servant, but also that his own carelessness or negligence did not contribute to it. We are also of the opinion, that the charge of the court upon this point was material and calculated to mislead the jury to the prejudice of the appellants.

The judgment of the county court must therefore be reversed and a new trial ordered.