Barstow vs. The City of Berlin.

BARSTOW VS. THE CITY OF BERLIN.

34 357
78 71
34 357
87 288
34 357
98 60
34     357
115    545
61 LRA 588n

DEFECTIVE HIGHWAY: COURT AND JURY: PLEADING: CONTRIBUTORY NEGLIGENCE. (1, 2) *Question of insufficiency of highway for jury.* (3) *Notice to city of defect, what sufficient averment of.* (4, 5) *Contributory negligence.*

1. The question of the *insufficiency of a highway*, in actions for damages alleged to have been caused thereby, where there is any evidence reasonably tending to establish the fact, is *one for the jury;* and the court will rarely be justified in taking it from them.
2. In an action for injuries to plaintiff's person caused by the defective condition of a sidewalk in the defendant city, it appeared that plaintiff fell through a hatchway in the sidewalk, the door of which was open; that the door was seven and a half feet long and three feet wide, and there was no guard to protect passengers; that the door and hatchway had existed in said sidewalk several years, and had frequently been opened and left open for some minutes. *Held*, that it was error to *nonsuit* the plaintiff on the ground that the presence of such door and hatchway, and the uses made of them, *did not constitute such an insufficiency* in the walk as would render the city liable. That question should have been *left to the jury.*
3. An averment that the hatchway had existed for three years, during all which time the owner had been accustomed to open the door frequently, etc., *held*, a sufficient averment that the city had *notice* of such insufficiency, if it was one.
4. Plaintiff fell into such hatchway in broad daylight, when he might have seen that the door was open, if he had been looking before him; but his testimony explains the circumstances under which his attention was turned in another direction. *Held*, that there was no such proof of contributory negligence as would have justified a nonsuit on that ground. *Weisenberg v. Appleton*, 26 Wis., 56; *Wheeler v. Westport*, 30 id., 392. But in this case the nonsuit was not asked on that ground.

5. Dixon, C. J., is of opinion that *Achtenhagen v. Watertown* (18 Wis., 331), as to the *inference of contributory negligence* on the part of plaintiff's intestate in that case, was *improperly decided*, and that the question should have been left to the jury.   Cole, J., thinks it unnecessary to overrule that decision on this appeal, the cases being distinguishable.

APPEAL from the Circuit Court for *Green Lake* County.

Action for damages alleged to have been sustained by the plaintiff by falling through an open hatchway in a sidewalk of the defendant city.   The complaint set forth the existence of the hatchway in a public sidewalk in the city ; that it extended the full width of the sidewalk, except about twenty-one inches next the wall, being about seven feet in length by three and one-half feet in width; that it had existed for three years previous, during which time it was frequently opened by throwing the door over flat on the sidewalk, leaving an open space of several feet, unplanked, unguarded, and unprotected in any manner, and making a dangerous opening into the cellar below. The complaint further alleged that the plaintiff was in the exercise of his business passing along the sidewalk, when the hatchway was by defendant's negligence left open, without guards or protection of any sort, whereby plaintiff, having no knowledge of the hatchway, and without negligence on his part, in consequence of the unprotected state of said open hatchway, fell into the opening and sustained the injuries for which this action was brought.   The answer denied negligence on the part of the defendant, and denied that the hatchway was frequently left open, and alleged negligence on the part of the plaintiff, causing the accident.

Upon the trial, plaintiff testified that at the time of the accident he was in the city of Berlin in his usual business, which was that of a commercial traveler, and that the accident occurred while he was walking along the public sidewalk on Huron Street in going from one customer to another; that just before he arrived at the trap or opening, his attention was attracted

by a team and wagon on the opposite side of the street; that his attention was particularly attracted because it was apparently a team and wagon of a peddler or traveling agent, with whom he supposed he might be acquainted, and he looked closely to determine by the name on the wagon who the agent was; that for this reason he did not observe the opening until he was falling; that he had been over the walk many times before without seeing the opening, having visited Berlin once in four or five weeks for nearly three years, and 'passed over this sidewalk several times on each visit; and that there was no guard or protection around the opening, which was seven feet by three and a half. S. G. Rosencranz testified that he had lived in Berlin five years, and recollected the hatchway in question for upwards of three years, during which time it had been frequently open, sometimes half a dozen times a day, and ten or fifteen minutes at a time. Witness had seen it open while persons went down and got things, carried them across the street, and came back and got things to carry across again. O. G. Bull testified that he had resided seventeen years in Berlin, and the hatchway had existed in its present condition for six or seven years or longer, during which time it was frequently open; had been city marshal three years, during which time he frequently spoke to the men about the store where the hatchway was, and told them to take a light when they went below, so as not to keep the door open so long, as it was an obstruction to people passing. Plaintiff then introduced medical testimony as to the nature and extent of the injuries sustained, and rested.

A nonsuit was granted on defendant's motion. The grounds upon which it was granted are not stated in the printed case; but from the brief of appellant it appears that the motion was based by defendant upon the ground that the hatchway constituted no such " defect or insufficiency " as rendered the city liable. Defendant appealed from the judgment.

*Hamilton & Sutherland*, for appellant, contended that the

nonsuit was improperly granted, because it was the exclusive province of the jury to determine what was a safe walk or street. Shearm. & Redf. on Neg., § 369, and cases cited, Whether an alleged obstruction is a defect or not, is a relative question, depending on location, amount of travel, etc., and hence is exclusively a question for the jury. *Hall v. Manchester*, 40 N. H., 410; *Hume v. Mayor, etc.*, 47 N. Y., 640; *Loan v. Boston*, 106 Mass., 450. To the point that the city had sufficient notice of the defect, counsel cited *Requa v. Rochester*, 45 N. Y., 129; *Weisenberg v. Appleton*, 26 Wis., 56; *Davenport v. Ruckman*, 37 N. Y., 570.

*Ryan & Kimball*, contra, insisted that the complaint did not allege notice to the city of the defect, but at the most only alleged facts from which notice might be inferred or presumed, and the facts stated did not raise a conclusion, but only a disputable presumption. *Cuthbert v. Appleton*, 22 Wis., 642; *Cook v. Milwaukee*, 24 id., 270; *Ward v. Jefferson*, id., 342; *Goodnough v. Oshkosh*, id., 549. The evidence of the plaintiff himself showed that he did not use common prudence, and that he was guilty of contributory negligence.

DIXON, C. J. It is understood that the court below nonsuited the plaintiff on the ground that the existence of the hatchway or doorway in the sidewalk, and which, to the knowledge of the officers of the city, it was and for a long time had been the custom to open and use in the manner set forth in the complaint and as described by the witnesses, was not a defect or insufficiency in the highway for which, or for the damages resulting from which, the city could be held responsible. It would be much more difficult for the members of this court, if such were their duty or obligation, to declare the hatchway, which is in the sidewalk of the principal or one of the principal streets of the city of Berlin, and quite frequently used, and when in use left open so as to be very hazardous to foot passengers, not to constitute an insufficiency or dangerous obstruction, than

to declare it to be one. But it is not the duty of .this court to say whether the hatchway, existing and used as was shown by the evidence, did or did not *per se*, or as matter of fact, make the sidewalk insufficient or dangerous at that point; and the foregoing remark has only been ventured for the purpose of showing that this court cannot approve the ruling of the court below in withdrawing the question from the consideration of the jury. Whether the presence of the hatchway, and the use which was and had been made of it with the knowledge of the city authorities as shown at the trial, rendered the sidewalk insufficient or unsafe, was a question of fact for the jury, and one which, on the evidence, should have been submitted to them. And whether, as argued by counsel for the city, the use which was thus made of the sidewalk, with the acquiescence or assent of the public authorities, by the owner of the adjacent buildding, was a reasonable, necessary or proper use, and so one not causing a defect or insufficiency in respect of which the city should be held liable in damages, was, under the circumstances, also a question of fact to be determined by the jury, and not one of law to be decided by the circuit court, or by this court. The question of insufficiency or want of repairs, where there is any evidence reasonably tending to establish the fact, is invariably one for the determination of the jury ;. and the cases are rare where the court will be justified in taking it from them.

We lay out of view, therefore, the question whether the city or its officers had notice, at or immediately before the time the plaintiff fell into it, that the hatchway was open, believing, as we do, that the liability of the city depends upon the proper determination, not of this, but of the other question above considered.

It is objected that the complaint is bad in not averring that the city had notice of the existence of the hatchway and of the use which the adjoining proprietor was accustomed to make of it. The averment is, that the hatchway had existed in the sidewalk for the period of three years, during all which

time the owner had been accustomed to throw open the door frequently, leaving an open, unguarded, unprotected space in the sidewalk, and making a dangerous hole or opening into the cellar below. The evidence tends to show that the hatchway had existed and been so used for a much longer period, and that the proper officers of the city had knowledge of it. It is not to be questioned, we think, that the existence of an insufficiency for the period of three years raises a conclusive presumption that the authorities of the town or city had notice of it; and when it is averred that the hatchway had existed and been so used for that length of time, that, if it was an insufficiency, is a sufficient averment that the city had notice of it.

Something was said in argument respecting the question of contributory negligence, and that possibly the nonsuit might have been properly ordered on that ground; and the case of *Achtenhagen v. Watertown*, 18 Wis., 331, was cited as showing that the fact that the plaintiff fell into the hatchway raised a presumption of negligence against him. The cases of *Weisenberg v. Appleton*, 26 Wis., 56, and *Wheeler v. Westport*, 30 id., 392, will doubtless suffice to show that the nonsuit ought not to have prevailed on this ground, even if it had been made a point in support of the motion in the court below.

But I desire to say of the *Achtenhagen* case, that, although I prepared the opinion, and thought the decision correct at the time, it has given me much trouble, and I have frequently had great doubts about its correctness when considering the same question since. My fear is, that the court was wrong in saying, as matter of law, that the fact that plaintiff's intestate fell through the hole raised an inference of negligence against the intestate, which the plaintiff was required to repel or overcome by additional proof in order to establish a cause of action. How could the court say, as matter of law, that the fall of the boy through the hole was not without fault or negligence on his part, or that it was not purely accidental, or under circumstances in which no blame could attach to him? How could it

say, as an inference drawn by the law, that his attention was not suddenly and excusably diverted about the time he reached the hole, and that his fall was not produced in that or in some similar blameless or innocent way ? Negligence, like fraud, is not to be presumed, but must be proved, or at least there must be some facts upon which to base the inference. I agree that the inference might have been upheld upon the facts of that case; but it seems to me it was an inference of fact and not of law, and so, one to have been drawn by the jury and not by the court. Like some other cases very peculiar in their circumstances which have arisen, it was at best but a leap in the dark, and I think it was for the jury to take that leap. It was for the jury to guess ; and as they guessed, so the decision must have been. I think the court was wrong in attempting to cut the knot, instead of handing it to the jury to cut.

COLE, J. For the purposes of this appeal I do not think it necessary to disturb the *Achtenhagen* case. The cases are quite distinguishable upon the facts bearing upon the question of contributory negligence. The plaintiff swears that his attention was directed at the moment to the team and wagon across the way, so that he did not see the opening he was approaching. Under such circumstances, no inference of negligence can be drawn from his conduct.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.