GOWER vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*Nonsuit.*

A compulsory nonsuit should not be ordered upon plaintiff's evidence, where, on the *most favorable construction in his favor* which it can possibly bear, it tends to prove all the facts necessary to his recovery. And in this action, for an injury to the person from negligence in running a railway train, plaintiff's evidence (for which see the opinion) tending to show negligence on defendant's part, and not conclusively showing any contributory negligence on his own part, the court erred in directing a nonsuit.

Gower vs. The Chicago, Milwaukee & St. Paul R'y Co.

APPEAL from the County Court of *Milwaukee* County.

Action for injuries to the plaintiff's person, alleged to have been caused by negligence of defendant's servants in running the train by which plaintiff was struck while he was crossing a public street in the city of Milwaukee. Plaintiff appealed from a judgment of nonsuit. The evidence in his favor is sufficiently stated in the opinion.

· For the appellant, a brief was filed by *McKenney & Engel*, and there was oral argument by *Mr. McKenney*.

*Melbert B. Cary*, for the respondent.

COLE, J. It does not appear from the record upon what ground the nonsuit in this case was ordered. It is intimated in the brief of plaintiff's counsel, that the court below granted the nonsuit because the evidence showed contributory negligence on the part of the plaintiff. The plaintiff rested after having detailed in his testimony the facts and circumstances under which he received the injury. The question is, Was the evidence of contributory negligence on his part so clear and decisive as to warrant the court in withdrawing the case from the jury? If the facts were fairly debatable, or rested in doubt, the nonsuit was improper. *Langhoff v. The M. & P. du C. Railway Co.*, 19 Wis., 490. In considering the question whether the nonsuit was proper, this rule must be observed, that the court is bound to give the evidence the most favorable construction for the plaintiff which it will possibly bear, and all that the evidence in any degree tends to prove must be received as fully proved. Every fact that the evidence, and all reasonable inferences from it, conduce to establish, must be taken as fully established. *Imhoff v. Chicago & Mil. Railway Co.*, 22 Wis., 682. Bearing this rule in mind, let us briefly notice the evidence of the plaintiff, and see if it fairly warrants the inference of contributory negligence. The plaintiff says, in substance, that when he got off the train upon which he was riding, at First Avenue, on the side walk on the west side of the street, he looked around, and saw nothing coming, nor did he hear any alarm or signal given on the

train which was rapidly approaching, backing down across the street to the yard, and which struck him and caused the injury. He says the day was a bad one for seeing or hearing anything; that, owing to the smoke and steam which came from another locomotive going out, his view was so obstructed that he could not see the train coming down upon him from the west. Now, whether the plaintiff was guilty of contributory negligence, or acted as an ordinarily prudent person would have acted under similar circumstances, was a doubtful question, involving more or less of inference or conjecture, and could only be determined by the verdict of a jury. It is not like the cases of *Achtenhagen v. The City of Watertown*, 18 Wis., 331, and *Roth v. The M. & St. P. Railroad Co.*, 21 Wis., 256, where the court was able to say as a matter of law that the persons killed did not or could not have acted with ordinary care and prudence by making use of their senses to discover and avoid the dangers to which they were exposed. Again, if the defendant company was really running its train across a public street in the city in an improper manner, as the evidence of the plaintiff tends to show, without giving the customary signals, and under such circumstances, considering the locality and condition of the weather, that a person in the exercise of ordinary care and prudence would likely be injured by the train while attempting to cross the street, it would amount to actionable negligence on its part. This proposition seems too plain for argument.

The counsel for the defendant criticised very sharply the statements of the plaintiff, insisting that they were full of contradictions and absurdities and were unworthy of credit. It would be improper for us at this time to express any opinion as to the weight or credit which should be attached to the plaintiff's testimony. That is plainly a matter for the jury. We think his testimony is not so full of contradictions, inconsistencies and physical impossibilities, as to be self-destructive or unworthy of belief. This is all that we can say in regard to it.

*By the Court.*—The judgment of the county court is reversed, and the cause remanded for a new trial.

