## Hoth vs. Peters and another.

*September 6 — September 19, 1882.*

NEGLIGENCE: PLEADING: NONSUIT: MASTER AND SERVANT. *(1) Contributory negligence generally matter of defense, but (2) when shown by plaintiff's evidence, nonsuit granted, and (3) when appearing from complaint, demurrer sustained. (4) Case stated: Foreman in lumber yard a fellow servant of employee therein, and employer, though non-resident, not liable for his negligence.*

1. In actions for negligence, the plaintiff need not, ordinarily, allege or prove that he was not himself negligent, contributory negligence being generally a matter of defense. *Randall v. N. W. T. Co.*, 54 Wis., 147.

| 55 | 405 |
|---|---|
| 74 | 435 |
| 55 | 405 |
| 81 | 194 |
| 55 | 405 |
| 85 | 311 |
| 55 | 405 |
| 86 | 490 |
| 55 | 405 |
| 97 | 526 |
| 55 | 405 |
| 98 | 498 |
| 55 | 405 |
| 106 | 91 |
| 55 | 405 |
| 114 | 453 |

2. But where the plaintiff's own evidence conclusively shows contributory negligence on his part a nonsuit will be granted.

3. And where the facts stated in the complaint clearly show that the plaintiff was guilty of contributory negligence, a demurrer thereto should be sustained. [Whether, in such case, the court is required to construe the complaint most strongly against the plaintiff, is not here determined.]

4. The complaint in this case alleges that the plaintiff, while employed at Milwaukee in the lumber yard of the defendants, who resided in Michigan, having assisted in loading a car with lumber partly covered with snow and thereby rendered extremely slippery and difficult to pile so as not to fall down, was ordered by one H. (then one of the yard foremen or superintendents, having charge of and clothed with the power and authority over the laborers in said yard including the plaintiff), to count the number of pieces of a certain length piled on the car; that by reason of the slippery condition of the lumber a slight jar would cause the piles to fall down unless properly braced or shored up, which was not done; that the plaintiff got into the car and while stooping down between the piles and in the act of counting the lower tiers, the said foreman, knowing the dangerous position of the plaintiff, without warning to him, negligently caused the car to be moved, thereby jarring one of the piles of lumber thereon and causing it to fall upon the plaintiff, severely injuring him. *Held*, on demurrer:

(1) The facts stated show the plaintiff to have been guilty of negligence contributing to the injury.

(2) The foreman was a fellow servant of the plaintiff, for whose negligence the defendants are not liable. The mere fact that the defendants resided in another state does not change the rule.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"This is an appeal from an order overruling the demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The complaint, in effect, alleges that at the time mentioned the defendants were copartners, residing at Manistee, Michigan, and doing business as dealers in lumber, in Milwaukee, under the firm name of *Peters & Engelman*; that the plaintiff was employed to work as an ordinary laborer in their lumber yard in Milwaukee by one Graham, then being one of the general super-

Hoth vs. Peters and another.

intendents of the yard, having full power to hire and discharge laborers on their behalf; that he entered upon the duties of said employment, and performed the same in a faithful and satisfactory manner until April 7, 1880, when he was injured as stated; that the plaintiff having, by the order and direction of one Henry Hart (then one of the yard foremen or superintendents having charge of and control of said yard, and by the defendants clothed with power and authority over the laborers in said yard, including the plaintiff), assisted in completing the loading of a certain car for the defendant with lumber partly covered with snow, and thereby rendered extremely slippery and difficult to pile so as not to fall down, was ordered and directed by said Hart to count the number of pieces of a certain length so piled on said car; that by reason of the snow on said lumber, and its slippery condition, a slight jar would cause the piles, or one of them, on said car to fall down, unless properly braced or shored up, which was not done; that said Henry Hart, then well knowing the dangerous condition of the piles, and the dangerous nature of the employment into which he had so ordered the plaintiff, carelessly and negligently, and with gross and wilful disregard of the bodily security of the plaintiff, and without warning to the plaintiff, though well knowing his dangerous position, ordered and caused the said car to be moved a short distance up the railroad track, thereby jarring one of the piles of lumber thereon, and causing the same to fall over and upon the plaintiff, and severely wounding and hurting the plaintiff, to his great damage, etc."

For the appellants there was a brief by *Finches, Lynde & Miller*, their attorneys, and *B. K. Miller, Jr.*, of counsel, and oral argument by *Mr. B. K. Miller, Jr.*:

1. A servant cannot recover of his employer for injuries caused by the negligence of another servant in the same common employment, unless such injuries are traceable to the *personal* negligence of the master.    2 Thompson on

Neg., 969; *Howland v. Railway Co.*, 54 Wis., 226.   The superior position of the negligent servant, as that of conductor, foreman, etc., is not regarded as affecting the case. 2 Southern Law Rev. (N. S.), 110, 124; 2 Thompson on Neg., 1028, § 33; *O'Connor v. Roberts*, 120 Mass., 227; *Summersell v. Fish*, 117 id., 312; *Zeigler v. Day*, 123 id., 152; *Albro v. Agawam Canal Co.*, 6 Cush., 76; *McLean v. Blue Point Gravel M. Co.*, 51 Cal., 255; *Weger v. Railroad Co.*, 55 Pa. St., 460; *Halverson v. Nisen*, 3 Sawyer C. C., 562; *Malone v. Hathaway*, 64 N. Y., 5; *Sherman v. Railroad Co.*, 17 id., 153; *Hofnagle v. Railroad Co.*, 55 id., 608; *Brow v. Maxwell*, 6 Hill, 592; *Murphy v. Smith*, 19 C. B. (N. S.), 361; *Allen v. New Gas Co.*, 1 Ex. Div. (L. R.), 251; *Howells v. L. S. Steel Co.*, 10 Q. B. (L. R.), 62; *Lovegrove v. Railway Co.*, 16 C. B. (N. S.), 669; *Kumler v. Railroad Co.*, 33 Ohio St., 150; *Marshall v. Schricker*, 63 Mo., 308.   2. The plaintiff was guilty of contributory negligence.   See *Dorsey v. P. & C. Construction Co.*, 42 Wis., 583; *Kelley v. Railway Co.*, 53 id., 74; *Naylor v. Railway Co.*, id., 661.

For the respondent there was a brief by *Van Wyck & Weil,* and oral argument by *Mr. Van Wyck:*

1. Although it is well settled that a master is not liable to his servant for injuries caused by the negligence of a fellow servant in the same general employment, it is equally well settled that under certain circumstances the power and authority of the master is vested in an employee, in which case the negligence of such employee is the negligence of the master.   *Brabbits v. Railway Co.*, 38 Wis., 289.   Where the principal selects a superintendent or foreman to manage his business, leaving the control of affairs in his hands, and clothing him with power and authority over his other employees, then such superintendent or foreman represents the principal, and his negligence in this respect is the principal's negligence.   Wharton on Neg., secs. 222, 229, 235; 2 Thompson on Neg., 1028; Shearman & Redf. on Neg., sec. 102;

*Laning v. Railroad Co.*, 49 N. Y., 521; *Corcoran v. Holbrook*, 59 id., 517; *Malone v. Hathaway*, 64 id., 5; *Brothers v. Cartter*, 52 Mo., 375; *Whalen v. Centenary Church*, 62 id., 327; *Mullan v. Steamship Co.*, 78 Pa. St., 26; *Cleveland, etc., R. R. Co. v. Keary*, 3 Ohio St., 201; *Louisville, etc., R. R. Co. v. Cavens*, 9 Bush, 559; *Kansas Pacific R. R. Co. v. Little*, 19 Kan., 267; *Dobbin v. Railroad Co.*, 81 N. C., 446; *Cowles v. Railroad Co.*, 84 id., 309. The grade or rank of the employee makes no difference as regards the liability of the master for injuries caused by such employee to another servant, if they result from the omission of some duty of the master which he has confided to such employee. *Flike v. Railroad Co.*, 53 N. Y., 549; *Crispin v. Babbitt*, 81 id., 519. The allegation that the defendants were residents of Michigan, coupled with the other allegations of the complaint, raises a presumption that the defendants were not exercising a personal supervision of their lumber yard in Milwaukee, but had delegated the management and control of it to certain yard foremen or superintendents of whom Hart was one. 2. Admitting that the plaintiff would have been guilty of contributory negligence and could not have recovered, in this action, had the pile of lumber fallen from ordinary causes, he could be guilty of no contributory negligence when the accident was caused by the negligent orders of his superior or principal. This was an extraordinary risk which the plaintiff could not be held to have assumed.

CASSODAY, J. There is no allegation in the complaint of the exercise of ordinary care, or any care, by the plaintiff at the time and place of the injury. For aught that appears he knew the car in question was going to be started at the very time it was started. Ordinarily, in actions for negligence, the plaintiff need not allege nor prove that he was not himself negligent. In such case contributory negligence is generally a matter of defense. *Randall v. N. W. Tel. Co.*, 54

Wis., 147. Even where there is no evidence in the case except upon the part of the plaintiff, yet if there is any doubt about the plaintiff's contributory negligence, the question should be left to the jury. *Dorsey v. P. & C. Construction Co.*, 42 Wis., 583; *Gower v. C., M. & St. P. Railway Co.*, 45 Wis., 182; *Pitzner v. Shinnick*, 39 Wis., 129; *Cremer v. Portland*, 36 Wis., 92; *Barstow v. Berlin*, 34 Wis., 357; *Townley v. C., M. & St. P. Railway Co.*, 53 Wis., 626; *Langhoff v. M. & P. du C. Railway Co.*, 19 Wis., 489. It is, however, well settled that where the plaintiff's evidence clearly shows contributory negligence on his part, a nonsuit will be granted. *Chamberlain v. M. & M. Railroad Co.*, 7 Wis., 425; *Dressler v. Davis*, 7 Wis., 527; *M. & C. Railroad Co. v. Hunter*, 11 Wis., 170; *Achtenhagen v. Watertown*, 18 Wis., 331; *Delaney v. M. & St. P. Railway Co.*, 33 Wis., 72; *Hoyt v. Hudson*, 41 Wis., 105; *Prideaux v. Mineral Point*, 43 Wis., 524; *Gumz v. C., St. P. & M. Railway Co.*, 52 Wis., 672; *Kelley v. C., M. & St. P. Railway Co.*, 53 Wis., 74; *Naylor v. C. & N. W. Railway Co.*, 53 Wis., 661. In *Hoyt v. Hudson* it was held that "if contributory negligence conclusively appears from the plaintiff's own evidence, he will be nonsuited; while if the evidence merely tends to show such negligence the question will be for the jury." In that case Mr. Justice LYON observed: "If the burden of proving his own due care to avoid the injury is on the plaintiff, he must prove such care, either by direct evidence or by showing *res gestæ* which exclude fault on his part, or he must fail in his action." Page 108. "The meaning of the rule is that to render the defendant liable the injury must be the result of his negligence alone. Hence, to establish a cause of action, the plaintiff must show that the negligence of the defendant was the sole proximate cause of the injury; and to do this he must necessarily prove himself free from contributory fault." Pages 109, 110. That decision seems to have settled a question upon which members of this court in

prior decisions had not, apparently, always agreed. But the decision of *Hoyt v. Hudson*, in this respect, was further explained by the late chief justice, in *Prideaux v. Mineral Point*, as follows: "It does not put the *onus probandi* in all cases upon the defendant, as the learned judge appears to have stated. The rule intended in that case is that a plaintiff, giving evidence of the negligence of the defendant, and the resulting injury to himself, without showing any contributory negligence, is bound to go no further; he is not required to negative his own negligence. If, however, the plaintiff, in proving the injury, shows contributory negligence sufficient to defeat the action, he disproves his own case of injury by the negligence of the defendant alone. If the plaintiff's evidence leave no doubt of the fact, his contributory negligence is taken as a matter of law to warrant a nonsuit. If the plaintiff's evidence leave the fact in doubt, the evidence of contributory negligence on both sides should go to the jury." Page 524. This explicit statement would seem to preclude any misapprehension as to the correct rule on questions of nonsuit. But here the question is presented on demurrer. The rule, however, would seem to be the same, unless the court is required by reason of the demurrer to construe the complaint most strongly against the plaintiff. The question was presented, but not decided, in *Pool v. C., M. & St. P. Railway Co.*, 53 Wis., 660.

Whether such stringent rule should prevail or not, is unnecessary here to determine, since the complaint goes into details, and, in effect, alleges that after the plaintiff had assisted in piling the scantling, which were " partly covered with snow, . . . and in a slippery condition," upon the car in such a manner "that a slight jar would cause the pile to fall down, unless the same was properly braced or shored up," which was not done, he got into the car, and while stooping down between the piles, and in the act of counting the lower tiers, the pile fell down upon him and

caused the injury complained of. Such being the facts, and the facts being necessarily known to the plaintiff, it would seem to be pretty clearly established that he was guilty of contributory negligence in stooping down as he did between such piles so liable to fall from any "slight jar," without even taking the precaution of first knowing whether such pile was likely to receive such slight jar or not. Having alleged what he did, the plaintiff should have gone still further and alleged, if he could, other facts showing that he was without fault at the time. But there is still another objection to this complaint. It was "*one* of the yard *foremen* or *superintendents*" who ordered or caused the car to be moved at the time, which is the negligence complained of. "It has been settled as the law of this state that an action will not lie by a servant against his master for injuries received in the course of the service through the negligence of a fellow servant." *Anderson v. M. & St. P. Railway Co.*, 37 Wis., 321; *Brabbits v. C. & N. W. Railway Co.*, 38 Wis., 289. See a review of the cases in 13 Cent. L. J., 406 *et seq.*; *Day v. Railway*, 42 Mich., 523. "It is equally well settled that under certain circumstances the whole power and authority of the master are vested in an employee or servant, in which case the negligence of the employee is the negligence of the master." *Brabbits v. C. & N. W. Railway Co.*, 38 Wis., 289. The same rules were followed in *Flannagan v. C. & N. W. Railway Co.*, 50 Wis., 462, and *Howland v. M., L. S. & W. Railway Co.*, 54 Wis., 226.

There is no complaint here of defective machinery or track, so as to bring the case within the rules stated in *Wedgwood v. C. & N. W. Railway Co.*, 41 Wis., 478; *Schultz v. C., M. & St. P. Railway Co.*, 48 Wis., 375; *Bessex v. C. & N. W. Railway Co.*, 45 Wis., 477; *Baker v. A. V. Railroad Co.*, 20 Am. L. Reg., 724, and cases there cited. Nor is there any complaint that the foreman or superintendent was an unfit person to do the work for which he was employed, nor that

there was any negligence in employing or retaining him, within the principle announced in *Cooper v. M. & P. du C. Railway Co.*, 23 Wis., 668. But recovery is sought upon the sole ground that one of the several foremen or superintendents of the yard negligently directed the car to be started when he and the plaintiff both knew that the latter occupied a dangerous position on the car. We do not think the facts stated bring the case within the rule where the whole power and authority of the master are invested in the employee or servant who gives the order, as held in *Brabbits v. C. & N. W. Railway Co.* In a recent opinion of the Maryland court of appeals, after holding substantially the rule adopted by this court, it is said: " Where a foreman is employed, the English cases, and a preponderance of the American, hold that he is a fellow servant, and the master is not liable for his negligence. To the general rule, however, there is this qualification, that where the superintendent is intrusted with the discharge of the duties incumbent upon the master, as between the latter and the servant, there the master may be liable for the omissions or neglect of the superintendent in respect to those duties. If the master relinquishes all supervision of the work, and intrusts not only the supervision and direction of the work, but the selection and employment of laborers, and the procuring of materials, machinery, and other instrumentalities necessary for the service, to the judgment and discretion of a superintendent, in such case the latter becomes a vice-principal, and for his omissions or negligence in the discharge of those duties the principal will be liable." *State v. Malster*, 57 Md., 287. Each of these propositions is supported by the citation of numerous English and American decisions. We are clearly of the opinion that the facts stated did not make the foreman in question a vice-principal of the defendants, within the established rule. The mere fact that they resided in Michigan, while the yard

was in Milwaukee, is not of sufficient importance to change the rule.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.