WELSH and another, Repondents, vs. THE TOWN OF ARGYLE, Appellant.

*May 5 — May 23, 1893.*

(1) *Towns: Action on claim: Time of commencement: Pleading.* (2, 3) *Injury from defective highway: Parties: What constitutes a defect.*

1. Under sec. 824, R. S., providing that "no action upon any claim . . . shall be maintained against any town unless a statement or bill of such claim shall have been filed with the town clerk to be laid before the town board of audit, nor until ten days after the next annual town meeting thereafter," the complaint in such an action need not allege that it was not commenced until ten days after said town meeting.

2. In an action against a town for the drowning of a livery team by reason of a defect in a highway, the person who had hired and was driving the team need not be joined as a plaintiff with the owners thereof.

3. A complaint alleging, among other things, that a stream of water ran along on and in the edge of a highway for about eighteen rods, and at the point in question projected into the highway about two rods; that at that point there was about seven feet in depth of water and mud from the surface of the highway to the firm bed of the stream, besides a quantity of surface water four or five inches in depth, crusted thinly over with ice, running over the highway; that no fence, railing, or guard of any kind had been placed on the edge of said stream and bank, although the town authorities had notice of the defect; and that while plaintiff's horses were being carefully driven on the highway at that point, and in or near the center thereof, they stepped and fell over the bank into the stream and were drowned,— is *held* to show an actionable defect in the highway.

APPEAL from the Circuit Court for *La Fayette* County.

The complaint alleges, in effect, that the plaintiffs were at the times therein stated copartners engaged in a general livery business; that February 25, 1891, there was a public highway in the defendant town, therein described; that at the date named said highway was greatly and wholly insufficient, defective, and out of repair in many respects, especially in that there was a natural stream of water which ran along in and on the west edge of said highway at the place described for the distance of about eighteen rods next south of the point where said stream crossed said highway; that at that point there was a bridge over said stream, constituting a part of said highway; that said stream curved eastward, and projected into said highway about two rods at the point where the injury mentioned was sustained, the same being about 130 feet south of said bridge; that the embankment of said stream on the west edge of the highway at that point was about four feet high,— that is to say, there was a drop of about four feet from the surface of the highway to the bed of the stream,— and there were about

seven feet in depth of water and mud from the surface of the highway to the firm bed of the stream, besides a quantity of surface water four or five inches in depth, crusted thinly over with ice, which surface water was running eastward across the surface of said highway from and beyond the west edge of said highway; that said embankment existed all along said highway, a distance of eighteen rods next south of said bridge; that said defect also consisted in the fact that at the times therein mentioned there was no fence, railing, guard or guards, or structure of any kind or description whatever along the edge of said stream and embankment; that said defects and want of repair existed for several years prior to February 25, 1891, and were well known to the defendant, its supervisors, officers, and overseers of the road district; that through their negligence and failure to repair the same and to construct a fence, guard, guards, or railing or other structure along the edge of said stream the same was a dangerous defect in said highway; that at the time named one Fisher, who had hired a livery rig and outfit of the plaintiffs, consisting of buggy and a span of mares and the usual accompaniments, all of which were the property of the plaintiffs, was driving on said highway, and while so doing and in the exercise of due care and without any negligence whatever, and in and near the center of said highway, and without fault on the part of said team, harness, or vehicle or on the part of said Fisher, the said team in going directly in said highway stepped and fell into and over the embankment and precipice six or seven feet in depth down into the bed of the stream of water, and were then and there engulfed in said ditch, channel, and stream of water, and were then and there drowned, to the damage of the plaintiffs in the sum of $260; that May 21, 1891, the plaintiffs caused to be served on the then chairman of the town board of supervisors of said town a notice in writing of said defect, as required by

Welsh and another vs. The Town of Argyle.

statute; that May 21, 1891, the plaintiffs also duly filed with the town clerk of said town a written statement of their said claim to be presented to and laid before the town board of audit of said town, as required by statute; that said town board of audit wholly disallowed said claim, and on the first Tuesday in April, 1892 (that being the next annual town meeting of said town), said claim was not then allowed, and no action was taken for the allowance of the same; wherefore, judgment was demanded in the amount stated.

To such complaint the defendant demurred on the ground that there is a defect of parties plaintiff in not making said Fisher a party plaintiff in this action; and, second, on the ground that the complaint does not state facts sufficient to constitute a cause of action. From the order overruling that demurrer the defendant appeals.

· For the appellant there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*. They contended, *inter alia*, that the complaint is insufficient because it does not state that ten days had elapsed after the annual town meeting held next after the filing of the claim, and before the commencement of the action. R. S. sec. 824; *Benware v. Pine Valley*, 53 Wis. 527; *Paulson v. Pelican*, 79 id. 445; *Zœgel v. Kuster*, 51 id. 40; *Smith v. Janesville*, 52 id. 683; *Magdeburg v. Uihlein*, 53 id. 166; *Benedix v. German Ins. Co.* 78 id. 77. The complaint does not state any defect in the highway which was the proximate cause of the accident. The narrowness of a highway is not an insufficiency or want of repair within the meaning of sec. 1339, R. S. Defective construction and want of repair is all that this statute covers, and not improper location of the highway. *Smith v. Wakefield*, 105 Mass. 473. There is no allegation that a traveled track in perfect condition, of sufficient width, did not exist at this point, and the court must assume that a sufficient roadway did exist. The liability to get out of a good road

is no defect in that road, nor does such liability call for the erection of a barrier to keep travelers in the road. *Hudson v. Marlborough,* 154 Mass. 218; *Murphy v. Gloucester,* 105 id. 470; *Puffer v. Orange,* 122 id. 389; *Warner v. Holyoke,* 112 id. 362; *Harwood v. Oakham,* 152 id. 421; *Brown v. Skowhegan,* 82 Me. 273. The proximate cause of the accident was not the condition of the highway but the fact of a great and unusual flood in the stream, and the fact that it was covered over with ice. *Hopkins v. Rush River,* 70 Wis. 10. There was no negligence in failing to guard against an accident like this, which was very unlikely to occur. *Glasier v. Hebron,* 131 N. Y. 452; *Hubbell v. Yonkers,* 104 N. Y. 434; *Jackson Tp. v. Wagner,* 127 Pa. St. 184. The complaint shows conclusively that Fisher, the driver, was guilty of contributory negligence.

For the respondents there was a brief by *Wilson & Martin,* and oral argument by *H. C. Martin.*

CASSODAY, J. It does not appear that Fisher, who hired the team of the plaintiffs and was driving the same at the time of the accident, is a proper, much less a necessary, party to this action to recover damage to the property of the plaintiffs. Nor does it appear affirmatively from the complaint that he was guilty of contributory negligence. It is to be remembered that such negligence, when not disclosed by the complaint or testimony on the part of the plaintiff, is purely a matter of defense. *Hoth v. Peters,* 55 Wis. 405; *Hoye v. C. & N. W. R. Co.* 67 Wis. 15; *Gill v. Homrighausen,* 79 Wis. 634.

It is, in effect, conceded that the notice of the defect of the highway, required by sec. 1339, R. S., is sufficiently alleged in the complaint. The same is true respecting the filing of the statement of the claim with the town clerk, to be laid before the town board of audit, as required by sec. 824, R. S. It is contended, however, that the com-

Welsh and another vs. The Town of Argyle.

plaint is defective because it fails to allege that the action was not commenced "until ten days after the next annual town meeting" held after such filing of the statement of such claim.  True, we have frequently held that a complaint in such a case is fatally defective unless it alleges such filing of such statement as well as the giving of the notice of such defect.  *Benware v. Pine Valley*, 53 Wis. 527; *Chicago & N. W. R. Co. v. Langlade*, 55 Wis. 117; *Wentworth v. Summit*, 60 Wis. 281.  These rulings are upon the theory that such notice of defect and such filing of such statement are conditions precedent to the right to maintain the action. It is true the statute declares, in effect, that no such action "shall be maintained" unless such statement is so filed, "nor until ten days after the next annual town meeting thereafter."  Sec. 824, R. S.  But it will be observed that such notice of defect and such filing of such claim are each affirmative acts on the part of the claimant for the benefit of the town, in order to bring home to its officials full knowledge of the claim made, so as to enable them to investigate the same and determine upon their line of conduct; whereas the time for holding such annual town meeting is a fact which everybody is bound to know, and hence to allege such delay of ten days thereafter would, in effect, be nothing more than to allege the time when the suit is commenced,— a fact necessarily known to the defendant and appearing of record in the cause.  Here it appears of record that this suit was commenced May 17, 1892, which was more than a month after the holding of such next annual town meeting.  To hold the complaint defective for not stating that fact would be too finical for the practical administration of the law.  True, the cases cited by counsel, and others which might be cited, hold, in effect, that upon demurrer to a complaint for insufficiency all the facts constituting the cause of action must appear upon the *face* of the complaint; and that the court will not ex-

amine the record to find facts to help out a defective complaint. But we are constrained to hold that the mere failure to state when the action was commenced is not a defect. Such allegation would not go to the cause of action, but at most would merely show whether the suit had or had not been prematurely commenced. This court has gone to the extent of holding that a complaint alleging the sale and delivery of property by the plaintiff to the defendant at an agreed price is sufficient, although it does not allege that no part of such purchase price has been paid. *Rossiter v. Schultz*, 62 Wis. 655.

The allegations of the complaint as to the defect in the highway are unnecessarily prolix, repetitious, and confused, and more or less uncertain; but we think it states a good cause of action. *Jung v. Stevens Point*, 74 Wis. 547; *Wiltse v. Tilden*, 77 Wis. 152.

*By the Court.*— The order of the circuit court is affirmed.