PFEIFFER, Respondent, vs. RADKE, Appellant.

*March 19—April 5, 1910.*

*Pleading: Unverified amendments: Harmless error: Negligence: Per-
sonal injury: Contributory negligence: Burden of proof: Auto-
mobiles: Frightening horses.*

1. Harmless error in allowing unverified amendments to a verified
   complaint will be disregarded under sec. 3072m, Stats. (Laws of
   1909, ch. 192).
2. In an action for personal injuries caused by defendant's negli-
   gence plaintiff need not, in order to make a *prima facie* case,

show affirmatively that he himself was free from contributory negligence. *O'Malley v. Dorn*, 7 Wis. 236; *Chamberlain v. M. & M. R. Co.* 7 Wis. 425; and *Dressler v. Davis*, 7 Wis. 527, so far as they hold to the contrary, overruled.

3. Evidence tending to show that upon a traveled track twenty-two feet wide with a ditch on each side plaintiff had driven his single horse as far to the right as he could, and had stopped, as defendant approached in his automobile; that defendant could have kept wholly to the right of the center of the road, but instead of doing so turned his machine to the left and passed so close to plaintiff's buggy that there was but from one to two feet between the wheel track of the buggy and that of the car; that water and slush were splashed toward the horse as the car passed; and that the horse, though ordinarily not afraid of automobiles, suddenly lurched and overturned the buggy, is *held* sufficient to sustain a verdict to the effect that defendant was negligent and that his negligence proximately caused the injury.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for damages to person and property. The plaintiff was proceeding northward on a highway in Ozaukee county, driving a single horse that was old, well broken, and not afraid of automobiles. He observed the defendant approaching him with an automobile and coming in a southerly direction. The highway was turnpiked at this point, and the traveled portion of it was twenty-one or twenty-two feet in width, with somewhat deep ditches on either side. The plaintiff pulled his horse to the right side of the highway, approaching thereto as closely as he could without actually getting into the ditch, and stopped. The defendant was driving at a rate estimated at from ten to fifteen miles an hour when he passed the plaintiff. There was considerable water and slush on the highway. It does not appear that there was any actual collision between the two vehicles, but the testimony shows that the east wheel track of the automobile was from one to two feet from the west wheel of the buggy when the automobile passed. There was also evidence tending to show that the wheels of the automobile were splashing considerable mud and water on either side thereof. As the defend-

ant passed the plaintiff, the horse of the latter suddenly lurched and overturned the buggy, injuring the plaintiff and his wife, who was riding with him, and also damaging the buggy. This action is brought to recover damages for such injuries.

The jury found (1) that the plaintiff was injured as a result of his horse becoming frightened by the automobile; (2) that at the time of the accident the automobile of the defendant was not to the right of the middle of the traveled part of the highway; (3) that the highway was in such condition that the defendant in the exercise of ordinary care might have driven his automobile to the right of the middle of the highway; (4) that the injury would have been avoided had the defendant done so; (5) that the defendant was not in the exercise of ordinary care when the plaintiff was injured; (6) that such want of ordinary care was the proximate cause of the injury and damage to plaintiff; (7) that the plaintiff was not guilty of any want of ordinary care; (8) that plaintiff was damaged in the sum of $600.

From judgment entered on this verdict the defendant appeals and assigns the following errors: (1) Permitting the plaintiff to file a second amended complaint; (2) admitting certain testimony; (3) refusing to nonsuit the plaintiff; (4) refusing to grant a new trial.

*H. L. Eaton,* for the appellant.

For the respondent there was a brief by *James D. Shaw* and *Wm. F. Shanen,* and oral argument by *Clarke M. Rosecrantz.*

BARNES, J. The original and first amended complaints were verified. It is urged that under the provisions of sec. 2665, Stats. (1898), it was error to allow a second amendment to the complaint, because it was not verified. If it be conceded, as seems to be intimated in *Orton v. Scofield,* 61 Wis. 382, 21 N. W. 261, that error was committed, it was

harmless and must be disregarded in this court, under
ch. 192, Laws of 1909 (sec. 3072m, Stats.).

The substantial accuracy of the photograph of the highway
at and near the place of the accident was sufficiently estab-
lished so that it was admissible for the purpose for which it
was offered. There was no evidence in the case tending to
show that the plaintiff was guilty of contributory negligence.
In fact, as we view it, the evidence established the contrary.
The cases of *O'Malley v. Dorn,* 7 Wis. 236; *Chamberlain v.
M. & M. R. Co.* 7 Wis. 425; and *Dressler v. Davis,* 7 Wis.
527, in so far as they hold that a plaintiff in an action for
injury to the person must not only show negligence on the
part of the defendant, but that, before he makes a *prima
facie* case, he must also affirmatively establish by competent
evidence that he was free from contributory negligence, have
not been subsequently followed in this court, and must to the
extent indicated be considered as overruled. *Milwaukee &
C. R. Co. v. Hunter,* 11 Wis. 160; *Achtenhagen v. Water-
town,* 18 Wis. 331; *Randall v. N. W. Tel. Co.* 54 Wis. 140,
11 N. W. 419; *Hoth v. Peters,* 55 Wis. 405, 13 N. W. 219;
*Welsh v. Argyle,* 85 Wis. 307, 311, 55 N. W. 412; *Whitty
v. Oshkosh,* 106 Wis. 87, 91, 81 N. W. 992. No claim is
made that the evidence offered on behalf of the plaintiff had
any tendency to show that he did not exercise ordinary care.

The substantial questions in the case are: (1) Was the
evidence sufficient to warrant the jury in finding that the de-
fendant did not exercise ordinary care in the management of
his automobile? (2) Was the jury warranted in finding
that want of such care, if it existed, was the proximate cause
of the injury?

The horse was old and well broken and not ordinarily
afraid of automobiles. No warning or signal was given to
the driver of the car to apprise him of the fact that the horse
was liable to become affrighted. It appears from the evi-
dence that the automobile was proceeding at a moderate rate

of speed and that there was no collision between the two vehicles. On this evidence the jury might well have acquitted the defendant of blame for the accident, because he had the same right to use the highway that the plaintiff had. On the other hand, there was evidence tending to show that the traveled portion of the highway was twenty-two feet in width at the point where the plaintiff was injured; that there were ditches on either side of the road; that the plaintiff had driven to the right as far as he could without going into the ditch on the east side; that the defendant as he approached the plaintiff turned his machine from the right side of the road to the left; that he passed so closely to the buggy that there was but from one to two feet between the west wheel track of the buggy and the east wheel track of the car; that it had been raining, and the wheels of the automobile were splashing considerable water and slush from the wheel ruts in the road; and that there was nothing to prevent defendant from keeping entirely to the right side of the center of the road. In view of such evidence the jury might have concluded that, by turning the car to the left toward the horse and running so closely to the buggy that a collision was very narrowly averted, the wheels of the car at the same time splashing water toward if not on the horse, the latter became frightened when it would not have become so had the car been driven nearer to the west side of the road, and that the defendant was negligent in veering his car to the left and driving it as closely as he did to the horse and buggy. This court cannot say that such inferences might not properly have been drawn by the jury from the evidence, and we conclude that the findings of negligence and proximate cause should stand. It would seem reasonable enough that if the car was to the west side of the road until it approached the horse, and was then turned toward it, such action was calculated to scare the animal and make it more liable to become frightened than if the car had continued in a straight course.

*By the Court.*—Judgment affirmed.