PFEIFFER, Respondent, vs. RADKE, Appellant.

*December 7, 1910—January 10, 1911.*

*Negligence: Automobiles: Frightening horses: Personal injury: Damages.*

1. A verdict to the effect that the defendant was negligent in not keeping to the right of the middle of the traveled track while running his automobile on the highway at night is *held* to be sustained by evidence substantially the same as that held to sustain a similar verdict in *Pfeiffer v. Radke*, 142 Wis. 512, which was an action growing out of the same occurrence.

2. For personal injuries sustained by a woman in the overturning of a buggy caused by defendant's negligence in running his automobile, an award of $800 (reduced from $1,500 by the trial court) is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action for damages to person. The jury found (1) that defendant's automobile frightened the horse behind which plaintiff was driven and she was injured as a result thereof; (2) that defendant did not drive to the right of the middle of the traveled track of the road; (3) that by the exercise of ordinary care he could have driven to the right thereof without injury to himself; (4) that his failure so to do was the proximate cause of plaintiff's injury; (5) that the driver of the horse was not guilty of a want of ordinary care that contributed to produce plaintiff's injury; and (6) that she was damaged in the sum of $1,500. Additional facts will be found in *Pfeiffer v. Radke,* 142 Wis. 512, 125 N. W. 934, which was a suit by plaintiff's husband growing out of the same occurrence. The trial court reduced the damages to $800 and rendered judgment for plaintiff. The defendant appealed.

*H. L. Eaton,* for the appellant.

For the respondent there was a brief by *James D. Shaw* and *William F. Schanen,* and oral argument by *Mr. Shaw.*

VINJE, J.  1. It is conceded by counsel for the defendant that this case, in so far as the evidence bears upon the question of defendant's negligence, is identical with that of *Pfeiffer v. Radke,* 142 Wis. 512, 125 N. W. 934, except that it is now shown the horse was frightened by water splashing on him, and that defendant turned to the left on account of the condition of the road.  The question of defendant's negligence, therefore, is governed by the former case, unless the additional evidence necessitates a different disposition of it. The only evidence as to what frightened the horse is that of the plaintiff.  In one place she testified, "I do not know whether it was mud frightened the horse or not."  In another place she stated, "I think the horse became frightened because the water splashed on him;" and in still another place she said, "As this automobile passed it splashed water up and frightened the horse."  The first statement disclaims knowledge on the subject; the second gives her opinion only. Counsel for defendant, however, depends upon the last statement as showing that the horse was frightened because water splashed on him.  The statement is susceptible of that meaning.  It can also be construed to mean that the witness states the existence of two facts, namely, that the automobile splashed up water and that the automobile frightened the horse.  However, it is not material what construction is given to the statement, because if defendant was guilty of negligence in running the automobile as he did, then it is immaterial whether the horse became frightened by the splashing of water or by the splashing of mud or by the sound of the automobile or by any other cause or combination of causes, provided they were negligently produced by him.  The defendant testified that he turned to the left, or "back into the road," as he says, on account of the condition of the highway.  This evidence was certainly competent upon the question of his negligence, but the jury found against him on such question, and there is ample evidence to sustain their finding; for it is

a matter of common knowledge that a highway graded for a width of twenty-two feet with a crown in the center not exceeding a foot is a reasonably safe highway over the whole extent so graded, and there is no valid ground for claiming that an automobile such as the defendant used could not be safely operated over any particular portion thereof. Besides, the weight of the evidence tends to show that the crown of the highway did not exceed from six to eight inches.

2. An answer to the hypothetical question put to the expert witness Roesler was properly excluded, on the ground that no expert testimony was necessary on the subject, and on the further ground that the question omitted material, uncontroverted facts. Some of the instructions requested and not given were included in the general charge of the court. The others either contained an incorrect statement of the law, or else had no application whatsoever to any question in issue in the case and were therefore properly refused.

3. The jury assessed plaintiff's damages at the sum of $1,500. This was reduced by the trial court to $800. There is evidence in the case that for a whole year plaintiff's back was very sore and painful; that she could not work as she had worked before; that previous to this injury she was in good health, while since then her health has been more or less impaired and she has been unable to sleep nights and has been more or less nervous. The doctor who attended upon her testified that she is evidently suffering from a nervous fright and that he would expect her injuries to be permanent. This evidence is sufficient to sustain the verdict as reduced by the trial court.

*By the Court.*—Judgment affirmed.