# LOUIS NELSON v. SAMUEL HALLAND.[1]

October 23, 1914.

Nos. 18,774—(21).

**Automobile — duty of driver when meeting horses.**
 1. It is the duty of the person operating an automobile upon a public highway, when meeting a team of horses being driven thereon, to exercise reasonable care to avoid frightening the team, and, if necessary, to slow down or stop his car, as the situation presented may require.

**Same — failure to give signal.**
 2. The operator of the automobile is not relieved from this duty by the failure of the driver of the team to signal him to stop his car. Whether the failure to so signal will constitute contributory negligence will depend upon the facts presented in the particular case.

**Verdict sustained by evidence.**
 3. Evidence *held* to support the verdict.

Action in the district court for Clay county to recover $200. The case was tried before Nye, J., who denied defendant's motion to direct a verdict in his favor, and a jury which returned a verdict for $88 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*F. H. Peterson,* for appellant.
*Christian G. Dosland,* for respondent.

BROWN, C. J.
 1. Plaintiff's team of horses was being driven along the highway by his son; defendant was operating his automobile upon the same

---

[1] Reported in 149 N. W. 194.

Note.—Duty and liability of operator of automobile with respect to horses encountered on the highway, see notes in 1 L.R.A.(N.S.) 233; 14 L.R.A.(N.S.) 251; 48 L.R.A.(N.S.) 946.

highway in an opposite direction. When the team and the automobile met, the horses became frightened, unmanageable, and ran out of the road into a shallow ditch extending parallel therewith, and one of the horses received such injuries from violent exertions to escape the automobile that he subsequently died. In this action to recover the value of the horse, defendant was charged with negligence in operating his car at an excessive rate of speed, and in making no effort, by stopping his car or otherwise, to avoid an accident, when he knew that the horses were frightened and likely to get beyond the control of the driver. Plaintiff had a verdict and defendant appealed.

The assignments of error challenge the sufficiency of the evidence to support the verdict.

The evidence tends to show that the highway in question is a straight level prairie road with shallow ditches on each side; that plaintiff's horses were ordinarily gentle, but on this occasion showed signs of fright at the automobile at a considerable distance before meeting it; that on approaching the car the driver reined the team partly out of the road; that defendant saw, or with reasonable care could have seen, that the horses were so frightened, notwithstanding which he proceeded at a high rate of speed past the team, without checking the car, or making any effort to avoid further fright to the horses; the horses were thus caused to plunge into the adjoining ditch in an effort to escape what to them seemed impending danger. It further appears that, at the time of the approach of the automobile and when the horses showed signs of fright, the driver made no sign to defendant to stop or slow up the automobile, but directed his efforts toward controlling his horses, which he was unable to do.

While there is some conflict in the evidence on some of the facts stated, we think, and so hold, that it was sufficient to sustain the jury in finding them substantially as outlined. And that the case thus made established the negligence charged seems quite clear. Defendant had the right to operate his automobile on the highway and was not an insurer against the fright of horses passing over the road at the same time. He was charged with the exercise of reasonable care to avoid frightening them, and if necessary to pre-

vent an accident and injury from such fright to slow down or stop his automobile. This duty or obligation is imposed by law upon any person operating an automobile upon the public streets or country roads (Ploetz v. Holt, 124 Minn. 169, 171, 144 N. W. 745; Pfeiffer v. Radke, 142 Wis. 512, 125 N. W. 934; Cumberland Tel. & Tel. Co. v. Yeiser, 141 Ky. 15, 131 S. W. 1049, 31 L.R.A.[N.S.] 1137), and must be performed whether the driver of the team signals the automobile operator to slow down or not. Chisty v. Elliott, 216 Ill. 31, 74 N. E. 1035, 1 L.R.A.(N.S.) 215, 108 Am. St. 196, 3 Ann. Cas. 487; Strand v. Grinnell Auto. Garage Co. 136 Iowa, 68, 113 N. W. 488. There is no rule of fixed liability in such case, for the question of negligence on the part of the operator of the automobile, and the failure of the driver of the team to signal, usually resolve themselves into issues of fact for the jury. Such is the situation in the case at bar. Whether defendant, on the evidence presented, exercised reasonable care to avoid injury to plaintiff's team, and whether the driver of the team contributed to the accident by failing to signal defendant to stop the car, were questions of fact and properly submitted to the jury.

It is further contended that the death of the horse was not shown to have been caused by the misconduct of defendant; in other words, that defendant's alleged failure to slow down or stop his car was the proximate cause of the death of the horse. We think that this question was also one for the jury. That the horse was badly frightened and violently exerted himself when the car approached is made clear by the evidence. It further appears that immediately after the occurrence the horse was found bleeding at the nose and mouth. The animal was taken to plaintiff's home, turned into the pasture, and thereafter within 24 hours died. The animal was examined after death by a veterinary who found the lungs filled with blood, and he expressed an opinion that this condition was caused by a ruptured blood vessel, and that the rupture was brought about by the violent exertions of the horse at the time of the accident. The evidence made the question of proximate cause one for the jury. There was no suggestion that the horse was injured in any other manner.

Judgment affirmed.